Mado HAIRABEDIAN; Avak Avakian, Plaintiffs—Appellants,

v.

ALLSTATE, Defendant—Appellee.

No. 03–55596.

D.C. No. CV–02–02901–CAS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 9, 2005.

Decided May 3, 2005.

Mado Hairabedian, Los Angeles, CA, pro se.

Malcolm Tator, Law Offices of Malcolm R. Tator, Ventura, CA, for Plaintiff–Appellant.

Richard B. Wolf, Raquel Vidal, Lewis Brisbois Bisgaard & Smith, LLP, Los Angeles, CA, for Defendant–Appellee.

Before BRUNETTI, SILVERMAN, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Mado Hairabedian and Avak Avakian ("plaintiffs") appeal from the district court's grant of summary judgment in favor of defendant Allstate Insurance Company ("Allstate") in their diversity insurance bad faith action against Allstate for failure to defend Hairabedian against a libel claim brought by Avakian against Hairabedian and two other defendants. The district court held that Allstate did not have a duty to defend Hairabedian because there was no potential for coverage of the libel claim under Hairabedian's homeowner's insurance policy. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Under Hairabedian's homeowner's insurance policy, Allstate would "pay damages which an insured person becomes legally obligated to pay because of bodily

injury or property damage arising from an occurrence to which this policy applies . . . ." (bold in original). "Occurrence" was defined as "an accident [.]" While not defined in the policy, under California law an accident occurs for insurance coverage purposes "when any aspect in the causal series of events leading to the injury or damage was unintended by the insured and a matter of fortuity." *Merced Mut. Ins. Co. v. Mendez,* 213 Cal.App.3d 41, 261 Cal.Rptr. 273, 279 (1989).

Under California law, an insurer's duty to defend an insured arises if facts giving rise to a potential for coverage are either alleged in the complaint or known to the insurer at the time of the insured's tender of defense. *Montrose Chem. Corp. v. Sup. Ct.,* 6 Cal.4th 287, 24 Cal.Rptr.2d 467, 861 P.2d 1153, 1157 (1993); *Gray v. Zurich Ins. Co.,* 65 Cal.2d 263, 54 Cal.Rptr. 104, 419 P.2d 168, 176–77 (1966).

The facts alleged in the complaint were of intentional conduct resulting in libel. The complaint alleged that Hairabedian "composed a mailer concerning [Avakian]" which contained several defamatory statements. The complaint further alleged that Hairabedian "sent the mailer to people and organizations of Armenian extraction throughout Southern California who read and understood the mailer." Finally, the complaint alleged that Hairabedian "published the[ ] composition with actual malice, having ill-will towards [Avakian], and [Hairabedian] published the[ ] composition intending to do [Avakian] injury."

The extrinsic facts made known to Allstate did not establish that there was any possibility of unintentional conduct on the part of Hairabedian. When served with the complaint, Hairabedian contacted Allstate and told a claims adjuster that he had nothing to do with the composition or publication of the mailer. When Allstate initially denied Hairabedian coverage, All-state provided him with another opportunity to present additional facts, stating in a letter that "[i]f you have any information to show that Allstate is incorrect in any of the facts explained in this letter . . . please provide [Allstate] with that information. . . ." No additional facts were provided.

Plaintiffs argue that the possibility for an amendment to the complaint alleging unintentional conduct should have led to a potential for coverage resulting in a duty to defend. However, neither the facts alleged in the complaint nor the extrinsic facts known to Allstate established that there was even a potential that the complaint could be amended to allege unintentional conduct. *See Gray,* 54 Cal.Rptr. 104, 419 P.2d at 176–77. The duty to defend does not attach based on mere speculation; the insurer must be apprised of facts which give rise to such possibilities. *See Cutler–Orosi Unified Sch. Dist. v. Tulare County Sch. Dist.,* 31 Cal. App.4th 617, 37 Cal.Rptr.2d 106, 116 (1994) ("Assertions of potential coverage which are based entirely on speculation do not give rise to a duty to defend.").

We agree with the district court that there was no duty to defend because there was no potential for coverage under the policy. Because no benefits were due under the policy, Allstate did not act in bad faith in denying coverage. *See Love v. Fire Ins. Exch.,* 221 Cal.App.3d 1136, 271 Cal.Rptr. 246, 255 (1990).

Plaintiffs also argue that summary judgment was improperly granted because discovery regarding Allstate's history of defending defamation cases was not complete. Federal Rule of Civil Procedure 56(f) allows a party opposing summary judgment, who has not had sufficient time to complete discovery or otherwise marshal facts to oppose the motion, to move for a continuance of the proceedings pend-

**4**

ing completion of discovery. *See THI–Hawaii, Inc. v. First Commerce Fin. Corp.,* 627 F.2d 991, 994 (9th Cir.1980). Because plaintiffs never made such a motion, the district court was well within its discretion to hear and decide the motion for summary judgment. *See id.*

**AFFIRMED.**

---

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.